UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60197-CIV-ALTMAN/HUNT

INVERSIONES YV3343, S.A.,

    Plaintiff,

v.

LYNX FBO FORT LAUDERDALE, LLC.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Renewed Motion for Default Judgment ("Motion"). ECF No. 17. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. ECF No. 19; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion, ECF No. 17, be GRANTED in part for the reasons set forth below.

## BACKGROUND

Inversiones YV3343, C.A., ("Plaintiff") brought this action against LYNX FBO Fort Lauderdale, LLC ("Defendant") raising allegations of negligence. ECF No. 1. Plaintiff is the owner of a certain Lear Gates Jet Model 51 ("corporate jet"). Defendant operates a fixed-based general aviation service out of the Fort Lauderdale Executive Airport. *Id.* Plaintiff alleges that pursuant to an agreement between the Parties, Defendant held the corporate jet in its care, custody, and control for the benefit of Plaintiff. *Id.* Plaintiff alleges that while under the care of Defendant, Defendant without Plaintiff's authorization

provided access and tender of the jet to an unknown individual who removed it from the secure ramp maintained by Defendant.  *Id.*  As a result, Plaintiff alleges that the corporate jet was stolen from its secure location while in Defendant's possession and therefore Plaintiff has been damaged.  *Id.*  Plaintiff alleges that Defendant breached its duty of care to Plaintiff and as a direct and proximate result of such breach, Plaintiff has lost possession of the corporate jet and therefore has been damaged.  ECF No. 1.

Defendant's registered agent was properly served at its registered address and Defendant has failed to file a timely answer or other response to the Complaint.  ECF No. 7.  Plaintiff then moved for the entry of Clerk's default, which was entered by the Clerk on March 1, 2021.  ECF Nos. 11, 12.  Plaintiff filed the instant motion for default judgment.  ECF No. 17.  Plaintiff contends that it has suffered $800,000 in damages because of Defendant's negligence.  ECF No. 17-1.  As of the entry of this Report and Recommendation, Defendant has not appeared in this action in any way.

## **DISCUSSION**

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, as set forth in the operative complaint." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). However, a "defendant's default does not in itself warrant the court in entering a default judgment . . . [t]here must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Following the entry of a default judgment, damages may be awarded "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," so long as all essential evidence is a matter of record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph*

*Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)).

"To properly plead Negligence under Florida law, a plaintiff must allege four elements: (1) a duty; (2) breach of that duty; (3) causation; and (4) harm." *Burdick v. Bank of Am.*, 99 F. Supp. 3d 1372, 1378 (S.D. Fla. 2015).  Further, the party must demonstrate that the tort is independent of any breach of contract claim.  *Id.* (quotation and citation omitted).

Here, the undersigned finds that the Complaint adequately alleges a claim for negligence under Florida law.  Taking Plaintiff's well-pleaded allegations as true, Defendant owed a duty of care to Plaintiff.  Defendant breached that duty of care when providing access and tendering Plaintiff's corporate jet to an unknown unauthorized individual.  As a direct and proximate cause of Defendant's breach, Plaintiff lost possession and usage of its corporate jet, which was subsequently damaged.  As a result of Defendant's default, Defendant is deemed to have admitted the well-pleaded facts set forth in the Complaint.  Thus, the undersigned finds that Defendant breached its duty of care and is liable towards Plaintiff for negligence.  Therefore, the undersigned recommends that default be granted.

Plaintiff has submitted a sworn affidavit along with the Motion, which alleges that Plaintiff has suffered damages in the amount of $800,000 due to Defendant's negligence.  However, the sworn affidavit does not detail how Plaintiff came to the conclusion that it has suffered $800,000 in damages nor does it provide any objective factual support for the claimed amount.  The undersigned finds that the affidavit is insufficient to establish damages.  *See Almeria v. GB House, LLC*, No. 8:14-cv-0045-T-27AEP, 2014 WL

1266808, at *1 (M.D. Fla. 2014) ("Conclusory affidavits are insufficient to establish the amount of damages upon default judgment."). The undersigned recommends that the District Court enter default but reserve awarding damages until Plaintiff provides sufficient objective evidence regarding damages or the Court holds an evidentiary hearing regarding damages.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Renewed Motion for Default Judgment, ECF No. 17, be GRANTED in part and default be entered. The undersigned further recommends that the Court reserve awarding Plaintiff damages until further evidence is provided.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and ORDERED** at Fort Lauderdale, Florida this 8th day of July 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record