UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 21-60197-CIV-ALTMAN/HUNT

INVERSIONES YV3343, S.A.,

    Plaintiff,

v.

LYNX FBO FORT LAUDERDALE, LLC.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Supplemental Motion for Damages ("Motion"). ECF No. 22. The Honorable Roy K. Altman referred the Motion to the undersigned for a Report and Recommendation. ECF No. 23; *see also* 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough and careful review of the record, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion, ECF No. 22, be GRANTED in part for the reasons set forth below.

## BACKGROUND

Inversiones YV3343, C.A., ("Plaintiff") brought this action against LYNX FBO Fort Lauderdale, LLC ("Defendant") raising allegations of negligence. ECF No. 1. Plaintiff is the owner of a certain Lear Gates Jet Model 51 ("corporate jet") and alleges that the corporate jet was damaged while under Defendant's care, custody, and control. ECF No. 1. Defendant's registered agent was properly served at its registered address and Defendant failed to file a timely answer or other response to the Complaint. ECF No. 7. Plaintiff then moved for the entry of Clerk's default, which was entered by the Clerk on

March 1, 2021.  ECF Nos. 11, 12.  Plaintiff moved for default judgment.  ECF No. 17.  The undersigned recommended that the motion for default be granted in part but that the District Court reserve awarding damages until recieving further evidence to be submitted by Plaintiff.  ECF No. 20.  The District Court adopted the undersigned's Report and Recommendation.  ECF No. 21.  Plaintiff has submitted further evidence and now moves this Court to award damages in the amount of $317,952.00.  ECF No. 22.  That amount includes Plaintiff attorneys' fees in the amount of $23,500 and costs in the amount of $452.00 for having to institute this action.  ECF No. 22.

## **DISCUSSION**

The undersigned finds that Plaintiff has provided sufficient support to award the damages requested.  Plaintiff states that the damaged aircraft is being repaired and the list of costs are as follows: $105,000 for navigation equipment; $45,000 for structural repairs to the flaps and door; $66,000 for paint; and $78,000 for the interior upholstery.[1]  The undersigned finds that this is sufficient and that Plaintiff is entitled to the amount of damages requested for repairs to the aircraft.  Thus, the undersigned recommends awarding Plaintiff damages in the amount of $294,000 (the sum of $105,000, $45,000, $66,000, and $78,000).

However, the undersigned does not find that Plaintiff is entitled to attorneys' fees and costs at this time.  Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract.  *Int'l Fidelity Ins. Co. v. Americaribe-Moriarty JV*, 906 F.3d 1329, 1335–36 (11th

---

1. Plaintiff's Motion states that the cost of paint was $60,000.  However, upon review of Plaintiff's affidavit in support of the Motion, ECF No. 25-1, the correct cost is $66,000.

Cir. 2018) ("[A]bsent a specific statutory or contractual provision, a prevailing litigant has no general entitlement to attorneys' fees."). Here, Plaintiff has not submitted any contractual or statutory support entitling it to an award of attorneys' fees. Therefore, based on the absence of authority in the Motion, the undersigned recommends denying Plaintiff's request for attorneys' fees and costs without prejudice.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Supplemental Motion for Damages, ECF No. 22, be GRANTED in part and Plaintiff be awarded $294,000 in damages. The undersigned further recommends that Plaintiff's request for attorneys' fees and costs be DENIED without prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida this 1st day of September 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record