UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60197-CIV-ALTMAN/Hunt

INVERSIONES YV3343, S.A.,

    *Plaintiff,*

v.

LYNX FBO FORT LAUDERDALE, LLC,

    *Defendant.*

_____/

## ORDER

The Plaintiff filed a Complaint [ECF No. 1], and the Defendant did not respond. The Plaintiff filed a Renewed Motion for Default Judgment [ECF No. 17], which the Court granted, *see* Order on Motion for Default Judgment [ECF No. 21]. The Plaintiff then filed a Supplemental Motion for Damages (the "Motion") [ECF No. 22], which the Court referred to Magistrate Judge Patrick M. Hunt. Magistrate Judge Hunt issued a Report and Recommendation (the "R&R") [ECF No. 26], in which he suggested that the Plaintiff should be (1) awarded $294,000 in damages and (2) denied attorneys' fees because it has not provided any contractual or statutory support for its fee request.

Magistrate Judge Hunt also warned the parties as follows:

> Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)."

*Id.* at 3. Despite this warning, the parties have not timely objected to Magistrate Judge Hunt's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

The Court has reviewed the R&R, the record, and the applicable law, and can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 26] is **ACCEPTED and ADOPTED**.
2. The Motion [ECF No. 22] is **GRANTED in part**. The Plaintiff is entitled to an award of $294,000 in damages. The Motion is **DENIED** as to the request for attorneys' fees.
3. The Court will enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure in a separate order.
4. The Clerk of the Court shall **CLOSE** this case. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 20th day of September 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record